UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF :
MISSISSIPPI, et al., Individually and On Behalf of All :
Others Similarly Situated,

                       :    08 Civ. 10841 (JSR)
                       :    ECF CASE

            Plaintiffs,          :

                       :    [PROPOSED]
      v.                      :    PROTECTIVE ORDER

                       :

MERRILL LYNCH & CO., INC., et al.,

            Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order

governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order -- including without limitation the

parties to this action, their representatives, agents, experts and consultants, all third parties

providing discovery in this action, and all other interested persons with actual or constructive

notice of this Order -- shall adhere to the following terms, upon pain of contempt:

      1.      Any person subject to this Order who receives from any other person any

"Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.      The person producing any given Discovery Material may designate as

Confidential only such portion of such material as consists of:

(a)      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)      previously nondisclosed material relating to ownership or control of any non-public company;

(c)      previously nondisclosed business plans, product development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual;

(e)      any "Nonparty Borrower Information," which for purposes of this Order shall mean any document that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations, including but not limited to any portion of a mortgage loan file or other document which includes financial or credit information for any person (including any credit history, report or score obtained on an on such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including name, address, Social Security number, loan number, telephone number, place or position of work.

(f)      extracts and summaries of information described in subparagraphs (a)-(d);

(g)      extracts and summaries of information described in subparagraph (e) that disclose any financial or credit information for any person together with personally identifiable information with respect to such person, which extracts and summaries shall also be considered Nonparty Borrower Information; or

(h)      any other category of information hereinafter given confidential status by the Court.

2

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Notwithstanding the foregoing, Nonparty Borrower Information shall be deemed Confidential without further action by the producing party.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)     the parties to this action;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

3

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

6.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(c), 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Further, no party, other than the producing party, will use any Nonparty Borrower Information to communicate with any borrowers therein identified without providing ten days advance written notice to the producing party and counsel for all other parties.

7.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

4

8. Confidential Discovery Material may be used only for the purposes of this litigation. In addition to the protection provided to materials deemed Confidential pursuant to this Order, the parties understand and recognize that there are various obligations relating to the disclosure and use of Nonparty Borrower Information arising from various federal and state laws, including without limitation, the Gramm Leach Bliley Act, 15 U.S.C. § 6802, et seq. and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and shall abide by all such federal and state laws applicable to them.

9. To the extent any federal or state law governing the disclosure and use of Nonparty Borrower Information permits such disclosure only as required by an order of a court, the producing party's production of Nonparty Borrower Information in accordance with this Order shall constitute compliance with such requirement. To the extent any such laws require a producing or requesting party to give notice to the subject of any Nonparty Borrower Information prior to disclosure, the Court finds that there is good cause to excuse such requirement. Any producing party may take such additional actions, or seek additional orders from this Court, which such party believes may be necessary to comply with any federal or state laws governing the disclosure of Nonparty Borrower Information.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

5

11.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16.    The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not

assert as a ground for entering such an Order the fact or circumstances of the inadvertent
production.

17.     The disclosing party retains the burden of establishing the privileged or protected
nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of
any party to request an in camera review of the Inadvertently Disclosed Information.

18.     This Protective Order shall survive the termination of the litigation. Within 30
days of the final disposition of this action, all Discovery Material designated as "Confidential,"
and all copies thereof, shall be promptly returned to the producing person, or, upon permission of
the producing person, destroyed.

19.     This Court shall retain jurisdiction over all persons subject to this Order to the
extent necessary to enforce any obligations arising hereunder or to impose sanctions for any
contempt thereof.

SO STIPULATED AND AGREED.

Dated: February 16, 2011

David R. Stickney
Timothy A. DeLange
BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(858) 793-0070

Lead Attorneys for Plaintiffs

Jay B. Kasner
Scott D. Musoff
Christopher P. Malloy
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants Merrill Lynch
Mortgage Investors, Inc., Merrill Lynch,
Pierce, Fenner & Smith Incorporated,
Matthew Whalen, Paul Park, Brian T.
Sullivan, Michael M. McGovern, and Donald
J. Puglisi

7

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:        New York, New York
              February 20 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF :
MISSISSIPPI, et al., Individually and On Behalf of All :
Others Similarly Situated,                             :        08 Civ. 10841 (JSR)
                                                       :        ECF CASE
                              Plaintiffs.              :
                                                       :
              v.                                       :
                                                       :
MERRILL LYNCH & CO., INC., et al.,                     :
                                                       :
                              Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____          _____