# <u>EXHIBIT 1</u>

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al., Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 08-cv-10841-JSR-JLC ECF case |
| Plaintiffs, | CLASS ACTIONS - CONSOLIDATED |
| v. | |
| MERRILL LYNCH & CO. INC., et al., | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement (the "Stipulation" or the "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Settlement is entered into by the Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "MissPERS"), on behalf of itself, Los Angeles County Employees Retirement Association, Wyoming State Treasurer, and Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund (together with Lead Plaintiff, "Plaintiffs"), and the proposed Settlement Class (as hereinafter defined) by and through its counsel, and the Settling Defendants (defined below), by and through their respective counsel (the "Settling Parties").

The Settlement is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Released Claims (defined below), subject to the terms and conditions set forth below and final approval of the District Court.

WHEREAS:

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below.


B.      On December 12, 2008, plaintiff Iron Workers Local No. 25 Pension Fund ("Iron Workers") filed a complaint against Merrill Lynch and certain other defendants in the United States District Court for the Southern District of New York, Case No. 08-cv-10841 (S.D.N.Y.) ("Iron Workers Action"), asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").


C.      On February 17, 2009, MissPERS filed an action in the Southern District of New York, Case No. 09-cv-1392 (S.D.N.Y.) ("MissPERS Action"), alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act.

D.      By Order filed April 2, 2009, the Court consolidated the Iron Workers Action and the MissPERS Action under a single docket number, 08-cv-10841 (the "Action").

E.      By Order dated April 23, 2009, the Honorable Jed S. Rakoff appointed the Public Employees' Retirement System of Mississippi as Lead Plaintiff, and Bernstein Litowitz Berger & Grossmann LLP as lead counsel for the Action.  The Court explained its appointment in an Opinion filed May 27, 2009.

F.      By Order filed May 6, 2009, the Court consolidated into the Action, a case captioned *Wyoming State Treasurer v. Merrill Lynch & Co., Inc., et al.,* 09 Civ. 3030 (JSR) (the "Wyoming Action"), which had been filed on March 27, 2009.

G.      By Order entered on May 8, 2009, the action captioned *Connecticut Carpenters Pension Fund v. Merrill Lynch & Co.,* No. 09-cv-01076-R (FFMx) (C.D. Cal.) was transferred pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Central District of California to the Court and was assigned docket number 09 Civ. 4543 (JSR) (the "Connecticut Carpenters Action"), and on May 17, 2009, the Court consolidated into the Action the Connecticut Carpenters Action.

H.      On May 20, 2009, Lead Plaintiff filed the consolidated class action complaint.

I.      On March 31, 2010, the Court granted in part and denied in part defendants' motions to dismiss the consolidated class action complaint.  The Court further explained its ruling in an Opinion issued June 1, 2010, in which it ruled as follows:  (1) all claims based on the 65 offerings from which no named plaintiff purchased securities were dismissed with prejudice; (2) all claims against the ratings agencies were dismissed with prejudice; (3) all claims against Credit-Based Asset Servicing and Securitization LLC, Merrill Lynch Mortgage Lending, Inc.

2

and First Franklin Financial Corporation are dismissed with prejudice; (4) all claims against Merrill Lynch, J.P. Morgan Securities, Inc., and ABN AMRO, Incorporated were dismissed without prejudice; (5) the Section 12 (a)(2) claim against Merrill PFS was dismissed without prejudice, but the Section 15 claim against Merrill PFS was dismissed with prejudice; (6) the Section 15 claims against the Individual Defendants were dismissed without prejudice; and (7) the Defendants' motions to dismiss were in all other respects denied.

J.      On July 6, 2010, Lead Plaintiff filed the Amended Class Action Complaint for Violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Complaint"). The Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act on behalf of persons or entities who purchased or otherwise acquired beneficial interests in specified Trusts that issued Certificates pursuant or traceable to Merrill Lynch Mortgage Investors, Inc.'s Registration Statements.[1]

K.      On November 8, 2010, the Court granted in part and denied in part defendants' motions to dismiss, dismissing with prejudice the claims against J.P. Morgan Securities, Inc., and ABN AMRO, Incorporated, and therefore, as to all defendants, the claims that relate to the C-Bass 2007-CB4 offering. The Court otherwise denied Defendants' motions to dismiss. By Memorandum filed December 1, 2010, the Court further explained its November 8, 2010 ruling.

L.      On December 1, 2010, the Settling Defendants filed Defendants' Answer, Affirmative and Other Defenses to the Amended Class Action Complaint.

---

[1] "Registration Statements" refers collectively to the February 2, 2007 Registration Statement, as amended ("March Registration Statement"), December 21, 2005 Registration Statement, as amended ("December Registration Statement"), and August 5, 2005 Registration Statement, as amended ("August Registration Statement"). The Registration Statements, Prospectuses, and each of the respective Prospectus Supplements are collectively referred to herein as the "Offering Documents."

M.    By Order dated December 14, 2010, the Court established the case management plan, including but not limited to a deadline of September 1, 2011 for completion of discovery, a deadline of September 12, 2011 for filing of summary judgment motions, and a final pre-trial conference date of October 20, 2011.  The Court also set the scheduling for resolving Plaintiffs' motion for class certification.

N.    Discovery commenced on December 10, 2010, and continued throughout the litigation.  This included voluminous document production and obtaining testimony through deposition of parties and third-party witnesses.

O.    Pursuant to the Court-ordered schedule, on March 22, 2011, Plaintiffs filed a Motion for Class Certification ("Class Certification Motion").  On April 15, 2011, the Settling Defendants filed an opposition to the Class Certification Motion.  Plaintiffs filed their reply brief on April 29, 2011.

P.    By Order filed June 16, 2011, the Court granted the Motion for Class Certification, appointing Plaintiffs as the class representatives and Bernstein Litowitz Berger & Grossmann LLP as class counsel.  By Opinion and Order filed August 22, 2011, the Court further explained its June 16, 2011 Order.

Q.    On June 30, 2011, the Settling Defendants filed a Petition Pursuant to Federal Rule of Civil Procedure 23(f) for Leave to Appeal from an Order Certifying a Class, which was captioned *Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co., Inc.,* No. 11-2671-cv (2d Cir.) (the "Appeal").  On July 11, 2011, Plaintiffs filed opposition papers opposing the Rule 23(f) petition, and on July 18, 2011, Defendants filed their reply papers.  On October 28, 2011, the Settling Defendants moved to stay the Appeal proceedings pending final

4

approval of the Settlement.  On October 31, 2011, the Second Circuit Court of Appeals granted the motion to stay the Appeal pending final approval by the District Court of the Settlement.

R.      On September 9, 2011, Settling Defendants filed a Motion for (A) Partial Reconsideration of the Opinion and Order on Class Certification or (B) in the Alternative, Clarification That Certain Issues Will Not Be Considered Law of the Case (the "Motion for Reconsideration").  On September 23, 2011, Plaintiffs filed their opposition to the Motion for Reconsideration and on October 3, 2011, defendants filed their reply brief.

S.      On October 20, 2011, the Settling Parties executed a Confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for $315 million. Also on October 20, 2011, the Settling Parties informed the Court that they had reached an agreement in principle to settle the Action.  The Court set a deadline of December 5, 2011, for Lead Plaintiff's application for preliminary approval of the Settlement.

T.      This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Settling Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Settling Defendants have, or could have, asserted.  This Stipulation shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Action.

U.      Lead Counsel has conducted extensive discovery relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed evidence adduced in discovery, including analyzing a substantial volume of documents from defendants and third parties and examining witnesses, and has researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against defendants, as well as the potential defenses thereto.

V.    Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Settlement Class, and in their best interests, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Lead Plaintiff and the members of the Settlement Class will receive from resolution of the Action as against the Settling Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Settling Defendants, it is hereby

STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and other conditions set forth herein, in consideration of the benefits flowing to the parties hereto, that the Action and all Released Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the meanings specified below.

(a)    "Action" means the consolidated securities class action styled *Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co., Inc.,* Civil Action No. 08 Civ. 10841 (JSR).

6

(b)     "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(c)     "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(d)     "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(e)     "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(f)     "Claims Administrator" means The Garden City Group, Inc., or other claims administrator selected by Lead Counsel.

(g)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(h)     "Class Member" or "Settlement Class Member" means a person or entity that is a member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(i)      "Class Representatives" or "Plaintiffs" means Lead Plaintiff Public Employees' Retirement System of Mississippi, Los Angeles County Employees Retirement Association, Wyoming State Treasurer, and Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund.

(j)      "Complaint" means the Amended Class Action Complaint for Violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, filed by Lead Plaintiff in the Action on July 6, 2010.

(k)      "Court" or "District Court" means the United States District Court for the Southern District of New York.

(l)      "Defendants" or "Settling Defendants" means Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill PFS"), and the Individual Defendants.

(m)      "Defendants' Counsel" means the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

(n)      "23(f) Dismissal Notice" means the notice of voluntary dismissal to be filed in the following appellate proceedings upon the Effective Date having occurred: *Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co., Inc.,* No. 11-2671-cv (2d Cir.).

(o)      "Effective Date" means the first day following the day on which the settlement contemplated by this Settlement shall become effective as set forth in ¶33 below.

8

(p)     "Escrow Account" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited.

(q)     "Escrow Agent" means a financial services company designated by Lead Counsel.

(r)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the District Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment is no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired *provided, however*, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

(t)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(u)      "Individual Defendants" means Matthew Whalen, Paul Park, Brian T. Sullivan, Michael M. McGovern, Donald J. Puglisi and Donald C. Han.

(v)      "Investment Vehicle" means any investment company or pooled investment fund (including but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any of the Defendants have or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but in which any of the Defendants or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(w)      "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(x)      "Lead Plaintiff" means the Public Employees' Retirement System of Mississippi.

(y)      "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).

(z)      "Merrill Lynch" means Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

(aa)      "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and litigation expenses awarded by the District Court.

(bb)    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to members of the Settlement Class.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process.

(dd)    "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶31 of this Settlement substantially in the form of Exhibit B attached hereto.

(ee)    "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(ff)    "Plaintiffs" means the Class Representatives.

(gg)    "Plaintiffs' Counsel" means Lead Counsel Bernstein Litowitz Berger & Grossmann; and Kessler Topaz Meltzer & Check, LLP and Berman DeValerio who represent Plaintiffs in the Action.

(hh)    "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants as set forth in the Notice, or such other plan of allocation as the Court shall approve.

11

(ii)    "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Settlement Class.

(jj)    "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(kk)    "Released Claims" means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of the securities set forth in the Complaint.  "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts.  Nothing herein shall be construed to suggest or imply that any derivative claims exist or have merit.

(ll)    "Released Parties" means:  (a) the Defendants; (b) the Defendants' current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees and attorneys; (c) Merrill Lynch Mortgage Lending, Inc., Countrywide Financial Corp., Merrill Lynch Credit Corporation, and First Franklin Financial Corporation, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees and attorneys; and (d) Merrill Lynch Alternative Note Asset Trust Series 2007-A3, 2007-AF1, 2007-F1, Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-2, 2007-3, 2007-4, 2007-A, Merrill Lynch Mortgage Investors Trust Series 2006-MLN1, 2006-FM1, 2006-FF1, 2006-RM5, MLCC 2006-2,

12

2006-AHL1, 2006-RM3, 2006-WMC1, 2006-WMC2, 2006-A1, and Ownit Mortgage Loan Trust Series 2006-2.

(mm)  "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants, except for claims relating to the enforcement of the settlement, against all plaintiffs in the Action, and their respective attorneys, or any other Settlement Class Member.

(nn)  "Settlement" means this Stipulation of Settlement and the settlement contained herein.

(oo)  "Settlement Amount" means three hundred and fifteen million dollars ($315,000,000.00) in cash.

(pp)  "Settlement Class" or "Class" means all persons or entities who purchased or otherwise acquired Merrill Lynch Alternative Note Asset Trust Series 2007-A3, 2007-AF1, 2007-F1, Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-2, 2007-3, 2007-4, 2007-A, Merrill Lynch Mortgage Investors Trust Series 2006-MLN1, 2006-FM1, 2006-FF1, 2006-RM5, MLCC 2006-2, 2006-AHL1, 2006-RM3, 2006-WMC1, 2006-WMC2, 2006-A1, Ownit Mortgage Loan Trust Series 2006-2 and who were allegedly damaged thereby.  Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are the plaintiffs specifically named as of October 20, 2011, and who

13

filed the following actions as of October 20, 2011: *Allstate Ins. Co., et al. v. Merrill Lynch & Co., et al.*, 11-2280 (S.D.N.Y.); *Mass. Mut. Life Ins. Co. v. Countrywide Fin. Corp., et al.*, 11-30215 (D. Mass.); *FHFA v. Merrill Lynch & Co., Inc., et al.*, 11-06202 (S.D.N.Y.); *Stichting Pensioenfonds ABP v. Merrill Lynch & Co., Inc., et al.*, 10-06637 (S.D.N.Y.); *Am. Int'l Grp., Inc., et al. v. Bank of Am. Corp., et al.*, 11-cv-06212 (S.D.N.Y.); and *Fed. Home Loan Bank of Boston v. Ally Fin., Inc., et al.*, 11-CV-10924 (D. Mass.).  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(qq)    "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(rr)    "Settling Defendants" or "Defendants" means Merrill Lynch, Merrill PFS, Merrill Lynch Mortgage Investors, Inc., and the Individual Defendants.

(ss)    "Settling Parties" means (i) Settling Defendants and (ii) Lead Plaintiff on behalf of itself, the Plaintiffs and the Settlement Class.

(tt)    "Stipulation" means this Stipulation of Settlement.

(uu)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(vv)    "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

14

(ww)   "Unknown Claims" means any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiff, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have – fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or

15

additional facts.  Lead Plaintiff and Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

## CLASS CERTIFICATION

2.      The Settlement Class shall have the meaning set forth above in paragraph 1(pp). Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Settlement Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Plaintiffs as Class Representatives; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any issues or arguments that Defendants have, or could have, asserted in connection with the Appeal or the Motion for Reconsideration.

## SCOPE AND EFFECT OF SETTLEMENT

3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants and any and all Released Claims as against all Released Parties.

4.      (a)      Upon the Effective Date of this Settlement, Plaintiffs and all other Settlement Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

(b)     Upon the Effective Date of this Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against all Plaintiffs in the Action and their respective attorneys, and any other Settlement Class Member.

## THE SETTLEMENT CONSIDERATION

5.     On or before ten (10) business days following the date of the entry of the Preliminary Approval Order, Merrill Lynch, in full and complete settlement of the Released Claims, shall pay or shall cause to be paid the Settlement Amount into the Escrow Account established for the Settlement Fund by Lead Counsel for the benefit of the Settlement Class.  The Settlement Fund shall be invested or held as provided in ¶ 7 hereof.

## USE OF SETTLEMENT FUND

6.     The Settlement Fund shall be used to pay any:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and litigation expenses awarded by the District Court.  The balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.  All costs and expenses incurred by or on behalf of the Plaintiffs and the other members of the Settlement Class associated with the Settlement shall be paid from the Settlement Fund as awarded by the Court. In no event shall Defendants bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

7.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Except as provided herein or pursuant to orders of the District Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the District Court and shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or

returned pursuant to the terms of this Stipulation and/or further order of the District Court.  The

Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a

mutual fund invested solely in such instruments) and shall collect and reinvest all interest

accrued thereon, except that any residual cash balance in the Escrow Account of less than

$250,000.00 may be invested in money market mutual funds comprised exclusively of

investments secured by the full faith and credit of the United States.  In the event that the yield

on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any

portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing

account that is fully insured by the FDIC.


       8.      The parties hereto agree that the Settlement Fund is intended to be a Qualified

Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel,

as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-

2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

returns as may be necessary or appropriate (including, without limitation, the returns described in

Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent

with this paragraph and in all events shall reflect that all Taxes on the income earned on the

Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 9 below.

Lead Counsel shall also be solely responsible for causing payment to be made from the

Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund.

Merrill Lynch will provide to Lead Counsel the statement described in Treasury Regulation

§ 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of

Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or

advisable to carry out this paragraph, including, as necessary, making a "relation back election,"

as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to

come into existence at the earliest allowable date, and shall take or cause to be taken all actions

as may be necessary or appropriate in connection therewith.

18

9.     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses.  Lead Counsel, or its agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable, Treas. Reg. §1.468B-2(l).  Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  Lead Counsel, or its agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The parties hereto agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this Stipulation.  The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents, as described herein.

10.     This is not a claims-made settlement.   As of the Effective Date, neither Defendants nor any other Person who paid any portion of the Settlement Fund on any of their behalves, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to paragraph 7 and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs

19

and Taxes and Tax Expenses, shall be donated to a non-profit charitable organization selected by Lead Plaintiff and approved by the Court.

11.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Settlement Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Merrill Lynch and/or their agents.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  Merrill Lynch agrees to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

12.     Lead Counsel may pay up to $600,000 from the Escrow Account, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund.

13.     The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning the Plan of Allocation or any award of attorneys' fees.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.  There shall be no distribution of any of the Settlement Fund to any Settlement Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

14.     Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for a collective award from the Settlement Fund of attorneys' fees, plus interest.  Lead Counsel also will apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses, plus interest.   Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).  Lead Counsel shall allocate the attorneys' fees and expense awards amongst Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  Neither Defendants nor any other Released Party shall take any position with respect to Lead Counsel's requested attorneys' fees and expenses.  Such matters are not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

15.     Defendants shall have no responsibility for, and no liability with respect to, the attorneys' fees or expenses that the District Court may award in the Action or the allocation of the fees and expenses that Lead Counsel may make to other Plaintiffs' Counsel in connection with this Action or any other person who may assert some claim thereto.

16.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the District Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the District Court separately from the District Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Parties' Claims.  The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

17.     Fifty percent (50%) of the attorneys' fees and one hundred percent (100%) of the Litigation Expenses, as awarded by the District Court, shall be paid to Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  The remaining fifty percent (50%) of the awarded attorneys' fees shall be paid to Lead Counsel from the Escrow Account when distribution of the proceeds to Authorized Claimants has been very substantially completed.

## CLAIMS ADMINISTRATOR

18.     The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the District Court, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration or processing of claims or of the Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim, the

amounts of claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator.  Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Lead Plaintiff and approved by the Court, or according to such other Plan of Allocation as the Court approves.  The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1.

20.     The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Lead Plaintiff, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.   Neither Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall Defendants object to the Plan of Allocation proposed by Lead Plaintiff.

21.     Any Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

23

22.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.   Neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.   Neither Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

23.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.  A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

24.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Order and Final Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

25.     Lead Counsel will apply to the Court, with reasonable notice to Defendants, for a Class Distribution Order, *inter alia*:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

26.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

27.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## REQUESTS FOR EXCLUSION

28.     A Class Member requesting exclusion from the Settlement Class shall be requested to provide the following information to the Administrator:  (i) name, (ii) address, (iii) telephone number, (iv) identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such mortgage pass-through certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded

from the Settlement Class.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Agreement.  Lead Plaintiff shall request that the deadline for submitting requests for exclusion be 21 calendar days prior to the Final Approval Hearing.

29.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Defendants' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of the settlement of the Action, Lead Counsel will cause to be provided a list of all the persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to Defendants' Counsel.

## TERMS OF PRELIMINARY APPROVAL ORDER
## IN CONNECTION WITH SETTLEMENT PROCEEDINGS

30.     Promptly after execution of this Stipulation, and no later than December 5, 2011, Lead Plaintiff, by and through Lead Counsel, with Defendants' Counsel's consent, shall submit the Stipulation together with its Exhibits to the District Court and shall move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

31.     Lead Plaintiff, by and through Lead Counsel, with Defendants' Counsel's consent, shall request that the District Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit B.  The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

32.     Simultaneously herewith, Lead Plaintiff, by and through Lead Counsel, and Merrill Lynch are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the discretion of Merrill Lynch if potential Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Supplemental Agreement shall not be filed with the District Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, in camera, if so requested by the District Court or as otherwise ordered by the District Court.  The parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.  In the event of a withdrawal from this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶12, 35, 36, and 37 shall survive termination. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Merrill Lynch to exercise its option to withdraw from the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

33.     The Effective Date of Settlement shall be the latest date when all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order;

(b)     approval by the District Court of the Settlement following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(c)      entry by the District Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the District Court enters an Alternative Judgment and none of the parties hereto elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

34.      Merrill Lynch and Lead Plaintiff each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the District Court declines to enter the Preliminary Approval Order in any material respect; (b) the District Court refuses to approve this Settlement or any material part of it; (c) the District Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an Alternative Judgment is vacated, modified or reversed in any material respect; or (f) the Effective Date of Settlement otherwise does not occur.  Merrill Lynch may also terminate the Settlement and this Stipulation pursuant to ¶32.  The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶12, 35, 36 and 37 shall survive termination.

35.      Except as otherwise provided herein, in the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action

28

as of October 20, 2011, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

36.      Except as otherwise provided herein, in the event this Stipulation is terminated or if the Effective Date fails to occur for any reason, then within ten (10) business days after written notice is sent by Lead Counsel or Defendants' Counsel, the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to Merrill Lynch, including interest accrued thereon.

## NO ADMISSION OF WRONGDOING

37.      Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including Exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)      shall not be offered or received against Defendants, other Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

(b)      shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to

29

any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

(c)     shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

## MISCELLANEOUS PROVISIONS

38.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or

inconsistency between the terms of this Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

39.     Merrill Lynch warrants that, as to the payments made by or on behalf of it, at the time of such payment that Merrill Lynch made or caused to be made pursuant to ¶5 above, Merrill Lynch was not insolvent, nor will the payment required to be made by or on behalf of Merrill Lynch render Merrill Lynch insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.  This representation is made by Merrill Lynch and not by Defendants' Counsel.

40.     If a case is commenced in respect of Merrill Lynch (or any Person contributing funds to the Settlement Fund on behalf of Merrill Lynch) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Merrill Lynch to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to October 20, 2011, and any cash amounts in the Settlement Fund shall be returned as provided in ¶36 above.

41.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Plaintiffs or any other Class Member(s) against all Released Parties with respect to all Released Claims.  If and when the Order and Final

Judgment is entered and the Effective Date occurs, Defendants shall file the 23(f) Dismissal Notice with the Second Circuit Court of Appeals.  If the Settlement fails for any reason, the Settling Parties will notify the Second Circuit Court of Appeals and resume the appellate proceedings.

42.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

43.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Order and Final Judgment.

45.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Released Parties with respect to the Released Claims.  Accordingly, Plaintiffs and Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The parties to this Stipulation agree that the amount paid and the

other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

46.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and Defendants shall refrain from any accusations of wrongful or actionable conduct by either party concerning the prosecution and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

47.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its Exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits and Supplemental Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     The parties hereto and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the District Court required by this Stipulation.

51.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Lead Plaintiff or Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

52.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

53.     Notices required by this Stipulation shall be submitted either by any form of overnight mail, electronic e-mail, facsimile, or in person to each of the signatories below.

54.     The administration, consummation and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

55.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

34

56.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of December 5, 2011.

Dated: December 5, 2011

_David R. Stickney_ (admitted ~~pro hac vice~~)
(davids@blbglaw.com)
Timothy A. DeLange (admitted *pro hac vice*)
(timothyd@blbglaw.com)
Matthew P. Jubenville
(matthewj@blbglaw.com)
BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
       -and-
Max W. Berger
(MWB@blbglaw.com)
David Wales
(dwales@blbglaw.com)
Jeroen Van Kwawegen
(jeroen@blbglaw.com)
Sean O'Dowd
(seano@blbglaw.com)
BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Lead Counsel and Attorneys for Lead Plaintiff*
*Public Employees' Retirement System of Mississippi*
*and Attorneys for Plaintiff Los Angeles County*
*Employees Retirement Association*

35

Dated:  December 5, 2011

_____
Jay B. Kasner
(Jay.Kasner@skadden.com)
Christopher P. Malloy
(Christopher.Malloy@skadden.com)
Scott D. Musoff
(Scott.Musoff@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York 10036
Tel:  (212) 735-3000
Fax:  (212) 735-2000

*Attorneys for Defendants Merrill Lynch & Co., Inc.,
Merrill Lynch Mortgage Investors, Inc., Merrill
Lynch, Pierce, Fenner & Smith Incorporated,
Matthew Whalen, Paul Park, Brian T. Sullivan,
Michael M. McGovern, Donald J. Puglisi and
Donald C. Han*

36