**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al., Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 08-cv-10841-JSR-JLC ECF case |
| Plaintiffs, | CLASS ACTIONS - CONSOLIDATED |
| v. | |
| MERRILL LYNCH & CO. INC., et al., | |
| Defendants. | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/15/11

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS:

A.     Lead Plaintiff, the Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself, Plaintiffs, and the Settlement Class, and Defendants Merrill Lynch & Co., Inc., Merrill Lynch Pierce, Fenner & Smith Incorporated, Merrill Lynch Mortgage Investors, Inc., Matthew Whalen, Paul Park, Brian T. Sullivan, Michael M. McGovern, Donald J. Puglisi and Donald C. Han (the "Individual Defendants") (collectively, the "Settling Defendants") (with Lead Plaintiff, the "Settling Parties") have entered into a settlement of the claims asserted in the Action, the terms of which are set forth in the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims asserted in the Action on the merits and with prejudice; and

1

B.     The Court having read and considered the Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Claim Form; (iii) Publication Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.     By Order dated June 16, 2011, the Court previously certified this Action to proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and appointed Plaintiffs as the Class Representatives and Bernstein Litowitz Berger & Grossmann LLP as class counsel.  By Opinion and Order filed August 22, 2011, the Court further explained its June 16, 2011 Order.  For the purposes of the Settlement, the Settlement Class is defined consistent with the class certified in the Court's August 22, 2011 Order, except that the Settlement Class excludes all plaintiffs that have filed individual actions relating to certain of the securitizations at issue in this Action against one or more of the defendants as of October 20, 2011.  Accordingly, the Settlement Class is defined as follows:

all persons or entities who purchased or otherwise acquired Merrill Lynch Alternative Note Asset Trust Series 2007-A3, 2007-AF1, 2007-F1, Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-2, 2007-3, 2007-4, 2007-A, Merrill Lynch Mortgage Investors Trust Series 2006-MLN1, 2006-FM1, 2006-FF1, 2006-RM5, MLCC 2006-2, 2006-AHL1, 2006-RM3, 2006-WMC1, 2006-WMC2, 2006-A1, Ownit Mortgage Loan Trust Series 2006-2 and who were allegedly damaged thereby.  Excluded from the Class are Defendants, and their

2

respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class are the plaintiffs specifically named as of October 20, 2011, and who filed the following actions as of October 20, 2011: *Allstate Ins. Co., et al. v. Merrill Lynch & Co., et al.,* 11-2280 (S.D.N.Y.); *Mass. Mut. Life Ins. Co. v. Countrywide Fin. Corp., et al.,* 11-30215 (D. Mass.); *FHFA v. Merrill Lynch & Co., Inc., et al.,* 11-06202 (S.D.N.Y.); *Stichting Pensioenfonds ABP v. Merrill Lynch & Co., Inc., et al.,* 10-06637 (S.D.N.Y.); *Am. Int'l Grp., Inc., et al. v. Bank of Am. Corp., et al.,* 11-cv-06212 (S.D.N.Y.); and *Fed. Home Loan Bank of Boston v. Ally Fin., Inc., et al.,* 11-CV-10952 (D. Mass.). Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

3.    The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at the final approval hearing to be held before this Court on March 21, 2012, at 5:00 p.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing" or "Final Approval Hearing"):

(a)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

3

(b)     to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses incurred should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

4.     Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval hearing are hereby taken off calendar.

5.     Lead Counsel has the authority to enter into the Stipulation on behalf of the Lead Plaintiff, on behalf of itself, the Plaintiffs and the Settlement Class, and is authorized to act on behalf of the Lead Plaintiff, on behalf of Plaintiffs and Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

6.     The Court approves the form, substance and requirements of the Notice, the Publication Notice (together, the "Notices"); and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices and the Claim Form substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process,

Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

7.  Lead Counsel shall cause the Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after this Order is entered, to all Settlement Class Members at the address of each such person, as set forth in the records of Merrill Lynch or its transfer agent(s). Pursuant to the Stipulation, Merrill Lynch shall cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

8.  Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once each in the national edition of *The Wall Street Journal* and over the *PR Newswire* within five (5) calendar days of the mailing of the Notice.

9.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form and proof of publication of the Publication Notice.

10.  To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or its agents shall lease and maintain a post office box of adequate size for the return of Claim Forms. The Notice shall designate said post office box as the return address for the purposes designated in the Notice. Lead Counsel or its agents shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all

entries of appearance, Claim Forms, and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

11.     Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners.  Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice and the Claim Form to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice and Claim Form to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

12.     The Court approves the selection of The Garden City Group, Inc. by Lead Counsel as the Claims Administrator.  Lead Counsel may pay up to $600,000 from the Escrow Account, without further approval from Defendants or further order of the Court, for all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims

6

Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court.

13.     Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

14.     Lead Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees and reimbursement of litigation expenses by no later than thirty-five (35) calendar days before the Settlement Hearing.

15.     Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the Merrill Lynch MBS Litigation Settlement, Civil Action No. 08 Civ. 10841 (JSR), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information:  (i) identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired)

7

or sold, (ii) prices or other consideration paid or received for such mortgage pass-through certificates, and (iii) the date of each purchase or sale transaction. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Settlement Notice.

17.     Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved as fair and reasonable; or why Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should not be granted, *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the Plan of Allocation or the attorneys' fees and reimbursement of litigation expenses requested, unless no later than twenty-one (21) calendar days before the Settlement Hearing, such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, David R. Stickney, Esq., Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, California 92130, and Defendants' Counsel, Jay B. Kasner, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 ("Defendants' Counsel"), and has filed said objections, papers and briefs, showing due proof of service upon

8

Lead Counsel and Defendants' Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.  Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving Merrill Lynch mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or to Lead Counsel's application for an award of attorneys' fees and litigation expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, exhibits they intend to introduce into evidence at the Settlement Hearing.  Should any objections be received, reply papers shall be filed no later than seven (7) calendar days before the Settlement Hearing,

18.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order

and Final Judgment to be entered approving the Settlement, the fairness and reasonableness of the Plan of Allocation, or the attorneys' fees and reimbursement of litigation expenses requested.

19.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than 120 calendar days from the date set for the mailing of the Notice.  Such deadline may be further extended by Court Order.  A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice.

(b)     The Claim Form submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

10

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine, based upon the Settlement Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)     As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted.

20.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

21.     The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Settlement Class Members other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Settlement Class Members.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and litigation expenses.

22.     None of the Settling Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or

11

reimbursement of Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.   In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the parties to the Stipulation shall be restored to their respective positions in the Action immediately before October 20, 2011, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to Merrill Lynch, including interest accrued thereon, within ten (10) business days after written notification of such event is sent by Lead Counsel or Defendants' Counsel.

24.   The Court will authorize payment to Lead Counsel of 50% of any attorneys' fees awarded and 100% of approved expenses immediately upon entry of an Order approving attorneys' fees and reimbursement of expenses, with payment of the balance of the attorneys' fees awarded to be made to Lead Counsel when distribution of the proceeds of the Net Settlement Fund to claimants has been very substantially completed.

25.   Pending final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:          New York, New York
                _____12/19___, 2011


                                        _____
                                        HONORABLE JED S. RAKOFF
                                        UNITED STATES DISTRICT JUDGE

# 108001

13

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al., Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 08-cv-10841-JSR-JLC ECF case |
| Plaintiffs, | CLASS ACTIONS - CONSOLIDATED |
| v. | |
| MERRILL LYNCH & CO. INC., et al., | EXHIBIT A-1 |
| Defendants. | |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: **Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired Merrill Lynch Alternative Note Asset Trust Series 2007-A3, 2007-AF1, 2007-F1, Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-2, 2007-3, 2007-4, 2007-A, Merrill Lynch Mortgage Investors Trust Series 2006-MLN1, 2006-FM1, 2006-FF1, 2006-RM5, MLCC 2006-2, 2006-AHL1, 2006-RM3, 2006-WMC1, 2006-WMC2, 2006-A1, Ownit Mortgage Loan Trust Series 2006-2 and were allegedly damaged thereby.[1]**

NOTICE OF SETTLEMENT: **Please also be advised that Lead Plaintiff the Public Employees' Retirement System of Mississippi (the "Lead Plaintiff"), on behalf of the Settlement Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $315 million in cash that will resolve all claims in the Action (the "Settlement").**

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully!

    1.    **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch, Pierce, Fenner & Smith ("Merrill PFS"), and Matthew Whalen, Paul Park, Brian T. Sullivan, Michael M. McGovern, Donald J. Puglisi and Donald C. Han (the "Individual Defendants") (collectively, the "Settling Defendants"). The proposed Settlement, if approved by the Court, will apply to the following Class (the "Settlement Class"): all persons or entities who purchased or otherwise acquired Merrill Lynch Alternative Note Asset Trust Series 2007-A3, 2007-AF1, 2007-F1, Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-2, 2007-3, 2007-4, 2007-A, Merrill Lynch Mortgage Investors Trust Series 2006-MLN1,

---

[1]  All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation").

2006-FM1, 2006-FF1, 2006-RM5, MLCC 2006-2, 2006-AHL1, 2006-RM3, 2006-WMC1, 2006-WMC2, 2006-A1, Ownit Mortgage Loan Trust Series 2006-2 and who were allegedly damaged thereby.[2]

2.   **Statement of Settlement Class's Recovery:**   Subject to Court approval, and as described more fully in ¶¶63-67 below, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle all Released Claims (as defined in ¶64 below) against Defendants and other Released Parties (as defined in ¶65 below) in exchange for a settlement payment of $315 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund").   The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and litigation expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to members of the Settlement Class.   The Plan of Allocation is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial.   It is solely a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.   The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.   **Statement of Average Distribution Per $1,000 in Initial Certificate Value:**   The Settlement Fund consists of $315 million plus interest earned.   Based on the total initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, the estimated average distribution after payment of Court-approved attorneys' fees and expenses, is $15.57 per $1,000 in initial certificate value of the Merrill Lynch Certificates.   Class Members may recover more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable Date of First Suit as indicated in Table A attached hereto, the number of Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in this Notice.

4.   **Statement of the Parties' Position on Damages:**   Defendants deny all claims of wrongdoing, that they are liable to Lead Plaintiff and/or the Settlement Class or that Lead Plaintiff or other members of the Settlement Class suffered any injury.   Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per certificate that would be recoverable if Lead Plaintiff was to prevail on each of the claims.   The issues on which the parties disagree include, but are not limited to:   (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.   **Statement of Attorneys' Fees and Expenses Sought:**   Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 17% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.   In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $4 million plus interest earned at the same rate and for the same period as earned by the Settlement Fund.   Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).   Based on the total

---

[2] Excluded from the Class are Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.   Also excluded from the Class are the plaintiffs specifically named as of October 20, 2011, which involve certain of the securities at issue in the Action: *Allstate Ins. Co., et al. v. Merrill Lynch & Co., et al.,* 11-2280 (S.D.N.Y.); *Mass. Mut. Life Ins. Co. v. Countrywide Fin. Corp., et al.,* 11-30215 (D. Mass.); *FHFA v. Merrill Lynch & Co., Inc., et al.,* 11-06202 (S.D.N.Y.); *Stichting Pensioenfonds ABP v. Merrill Lynch & Co., Inc., et al.,* 10-06637 (S.D.N.Y.); *Am. Int'l Grp., Inc., et al. v. Bank of Am. Corp., et al.,* 11-cv-06212 (S.D.N.Y.); and *Fed. Home Loan Bank of Boston v. Ally Fin., Inc., et al.,* 11-CV-10952 (D. Mass.).   Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in this Notice.

2

initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, if the Court approves Lead Counsel's fee and expense application, the estimated average cost is $3.48 per $1,000 initial certificate value of the Merrill Lynch Certificates. The actual cost may be more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable Date of First Suit as indicated in Table A attached hereto, the number of Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in this Notice.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are being represented by Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel").  Any questions regarding the Settlement should be directed to David R. Stickney, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS.** | This is the only way to get a payment.  If you wish to obtain a payment as a member of the Settlement Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than April 25, 2012. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 29, 2012.** | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN FEBRUARY 29, 2012.** | Write to the Court and explain why you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON MARCH 21, 2012 AT 5:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 29, 2012.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up your rights. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ............................................................................................... Page
What Is This Case About?  What Has Happened So Far? ................................................... Page
How Do I Know If I Am Affected By The Settlement? ....................................................... Page
What Are The Lead Plaintiff's Reasons For The Settlement? ............................................. Page
What Might Happen If There Were No Settlement? ............................................................ Page
How Much Will My Payment Be? ...................................................................................... Page
What Rights Am I Giving Up By Agreeing To The Settlement? ......................................... Page
What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? ... Page

3

| | |
|---|---|
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page |
| What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? | Page |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page |
| What If I Bought Shares On Someone Else's Behalf? | Page |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page |

---

### WHY DID I GET THIS NOTICE?

---

7.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired the securities described above.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel shall have primary responsibility for prosecuting all claims against Defendants on behalf of investors in the mortgage-backed securities described above.

9.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Public Employees' Retirement Sys. Of Mississippi v. Merrill Lynch & Co., Inc.*, Civil Action No. 08 Civ. 10841 (JSR) (the "Action").  The Judge presiding over this case is the Honorable Jed S. Rakoff, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the primary plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and Defendants are Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and the Individual Defendants.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Settlement Hearing").

11.     The Settlement Hearing will be held on March 21, 2012, at 5:00 p.m., before the Honorable Jed S. Rakoff, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 14B, New York, New York 10007, to determine:

> (i)     whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement (the "Stipulation") is fair, reasonable, and adequate and should be approved by the Court;

(ii)     whether a judgment should be entered, dismissing the Action, on the merits and with prejudice, and whether the release by the Settlement Class of the Released Claims against the Released Parties (as defined in paragraphs 64-65 below) should be ordered;

(iii)     whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court; and

(iv)     whether Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses incurred should be approved by the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

---

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

---

13.     Defendant Merrill Lynch & Co., Inc. is a Delaware corporation with its principal executive office in Charlotte, North Carolina. On January 1, 2009, Merrill Lynch & Co., Inc. became a wholly-owned subsidiary of Bank of America Corporation.

14.     On December 12, 2008, plaintiff Iron Workers Local No. 25 Pension Fund ("Iron Workers") filed a complaint against Merrill Lynch and certain other defendants in the United States District Court for the Southern District of New York, Case No 08-cv-10841 (S.D.N.Y) ("Iron Workers Action"), asserting claims under §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

15.     On February 17, 2009, Lead Plaintiff Public Employees' Retirement System of Mississippi ("MissPERS") filed a related action in the Southern District of New York, Case No. 09-cv-1392 (S.D.N.Y.) ("MissPERS Action"), alleging violations of §§ 11, 12(a)(2) and 15 of the Securities Act. By Order dated April 2, 2009, the Court consolidated the Iron Workers Action and the MissPERS Action under a single docket number 08-cv-10841 (the "Action").

16.     By Order dated April 23, 2009, the Court appointed MissPERS as Lead Plaintiff, and Bernstein Litowitz Berger & Grossmann LLP as lead counsel for the Action. The Court explained its appointment in an Opinion filed May 27, 2009.

17.     By Order filed May 6, 2009, the Court consolidated into the Action, a case captioned *Wyoming State Treasurer v. Merrill Lynch & Co.., Inc., et al.,* 09 Civ. 3030 (JSR) (the "Wyoming Action"), which had been filed on March 27, 2009.

18.     By Order entered on May 8, 2009, the action captioned *Connecticut Carpenters Pension Fund v. Merrill Lynch & Co.,* No. 09-cv-01076-R (FFMx) (C.D. Cal.) was transferred pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Central District of California to the Court and was assigned docket number 09 Civ. 4543 (JSR) (the "Connecticut Carpenters Action"), and on May 17, 2009, the Court consolidated into the Action the Connecticut Carpenters Action.

19.     On May 20, 2009, Lead Plaintiff filed the consolidated class action complaint.

20.     On March 31, 2010, the Court granted in part and denied in part defendants' motions to dismiss the consolidated class action complaint. The Court further explained its ruling in an Opinion issued June 1, 2010, in which it ruled as follows: (1) the claims based on the 65 offerings from which no named plaintiff purchased securities were dismissed with prejudice; (2) all claims against the rating agencies were dismissed with prejudice; (3) all claims against Credit-Based Asset Servicing and Securitization LLC, Merrill Lynch Mortgage Lending, Inc., and First Franklin Financial Corporation were dismissed with prejudice; (4) all claims against Merrill Lynch, J.P. Morgan Securities, Inc., and ABN AMRO, Incorporated  were dismissed without prejudice; (5) the § 12(a)(2)

5

claim against Merrill PFS was dismissed without prejudice, but the § 15 claim against Merrill PFS was dismissed with prejudice; (6) the § 15 claims against the Individual Defendants were dismissed without prejudice; and (7) the defendants' motions to dismiss were in all other respects denied.

21.     On July 6, 2010, Lead Plaintiff filed the Amended Class Action Complaint for Violation of §§ 11, 12(a)(2) and 15 of the Securities Act (the "Complaint"). The Complaint asserts claims under §§ 11, 12(a)(2) and 15 of the Securities Act on behalf of persons or entities who purchased or otherwise acquired beneficial interests in specified Trusts that issued Certificates pursuant or traceable to Merrill Lynch Mortgage Investors, Inc.'s Registration Statements.[3]

22.     On November 8, 2010, the Court granted in part and denied in part defendants' motions to dismiss, dismissing with prejudice the claims against J.P. Morgan Securities, Inc., and ABN AMRO, Incorporated, and therefore, as to all defendants, the claims that relate to the C-BASS 2007-CB4 offering. The Court otherwise denied defendants' motions to dismiss. By Memorandum filed December 1, 2010, the Court further explained its November 8, 2010 ruling.

23.     On December 1, 2010, the Settling Defendants filed Defendants' Answer, Affirmative and Other Defenses to the Complaint.

24.     By Order dated December 14, 2010, the Court established the case management plan, including but not limited to a deadline of September 1, 2011 for completion of discovery, a deadline of September 12, 2011 for filing of summary judgment motions, and a final pre-trial conference date of October 20, 2011. The Court also set the scheduling for resolving Plaintiffs' motion for class certification.

25.     Discovery commenced on December 10, 2010, and continued through the litigation. During the course of the litigation, Lead Plaintiff and Defendants conducted extensive discovery, including Lead Plaintiff's review and analysis of more than 20 million pages of documents produced by Defendants and by third parties in response to over 75 subpoenas served by Lead Plaintiff. The parties took a total of nineteen depositions: Lead Plaintiff deposed eleven witnesses, including one of Defendants' expert, one of a Merrill Lynch designee, two Individual Defendants, and seven third-parties or former employees of Defendants; and Plaintiffs defended eight depositions, including Plaintiffs' expert, a third-party, and six Plaintiffs' designees.

26.     On March 22, 2011, Lead Plaintiff and plaintiffs Los Angeles County Employees Retirement Association, Wyoming State Treasurer, and Connecticut Carpenters Pension Fund and Connecticut Carpenters Annuity Fund (collectively, "Plaintiffs") filed a Motion for Class Certification ("Class Certification Motion"). On April 15, 2011, the Settling Defendants filed an opposition to the Class Certification Motion. Plaintiffs filed their reply brief on April 29, 2011.

27.     By Order filed June 16, 2011, the Court granted Plaintiffs' Class Certification Motion, appointing Plaintiffs as the class representatives and Bernstein Litowitz Berger & Grossmann LLP as class counsel. By Opinion and Order filed August 22, 2011, the Court further explained its June 16, 2011 Order.

28.     On June 30, 2011, the Settling Defendants filed a Petition Pursuant to Federal Rule of Civil Procedure 23(f) for Leave to Appeal from an Order Certifying a Class, which was captioned *Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co., Inc.*, No. 11-2671-cv (2d Cir.) (the "Appeal"). On October 28, 2011, the Settling Defendants moved to stay the Appeal proceedings pending final approval of the Settlement. On October 31, 2011, the Second Circuit Court of Appeals granted the motion to stay the Appeal pending final approval by the Court of the Settlement.

---

[3] "Registration Statements" refers collectively to the February 2, 2007 Registration Statement, as amended ("March Registration Statement"), December 21, 2005 Registration Statement, as amended ("December Registration Statement"), and August 5, 2005 Registration Statement, as amended ("August Registration Statement"). The Registration Statements, Prospectuses, and each of the respective Prospectus Supplements are collectively referred to herein as the "Offering Documents."

29.     On September 9, 2011, Settling Defendants filed a Motion for (A) Partial Reconsideration of the Opinion and Order on Class Certification or (B) in the Alternative, Clarification That Certain Issues Will Not Be Considered Law of the Case (Defendants' "Motion for Reconsideration"). On September 23, 2011, Plaintiffs filed their opposition to Defendants' Motion for Reconsideration and on October 3, 2011, Defendants filed their reply brief.

30.     On October 20, 2011, following mediation and negotiations with the assistance of a former federal judge, the Settling Parties executed a Confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for $315 million. The Settling Parties thereafter executed the Stipulation and filed it with the Court.

31.     In connection with the prosecution of the Action, Lead Plaintiff conducted an extensive investigation into the alleged untrue statements and omissions, filed two consolidated complaints, opposed two rounds of motions to dismiss, obtained class certification, and undertook significant fact discovery, including the review and analysis of more than 20 million pages of documents and nineteen depositions.

32.     Lead Plaintiff and Lead Counsel agree that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

33.     On December 14, 2012, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

---

34.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons and entities who purchased or otherwise acquired Merrill Lynch Alternative Note Asset Trust Series 2007-A3, 2007-AF1, 2007-F1, Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-2, 2007-3, 2007-4, 2007-A, Merrill Lynch Mortgage Investors Trust Series 2006-MLN1, 2006-FM1, 2006-FF1, 2006-RM5, MLCC 2006-2, 2006-AHL1, 2006-RM3, 2006-WMC1, 2006-WMC2, 2006-A1, Ownit Mortgage Loan Trust Series 2006-2 and who were allegedly damaged thereby. Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class are the plaintiffs specifically named as of October 20, 2011, and who filed the following actions as of October 20, 2011, which involve certain of the securities at issue in the Action: *Allstate Ins. Co., et al. v. Merrill Lynch & Co., et al.*, 11-2280 (S.D.N.Y.); *Mass. Mut. Life Ins. Co. v. Countrywide Fin. Corp., et al.*, 11-30215 (D. Mass.); *FHFA v. Merrill Lynch & Co., Inc., et al.*, 11-06202 (S.D.N.Y.); *Stichting Pensioenfonds ABP v. Merrill Lynch & Co., Inc., et al.*, 10-06637 (S.D.N.Y.); *Am. Int'l Grp., Inc., et al. v. Bank of Am. Corp., et al.*, 11-cv-06212 (S.D.N.Y.); and *Fed. Home Loan Bank of Boston v. Ally Fin., Inc., et al.*, 11-CV-10952 (D. Mass.). The Class also does not include those persons and entities who validly request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement? How Do I Exclude Myself?," below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN APRIL 25, 2012.**

---

### WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

---

35.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability. Lead Plaintiff and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

36.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $315 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

37.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants have also contended by way of defense that all or a portion of the alleged damages to the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions asserted in the Action and that such damages are not recoverable. Defendants have further contended, among other things, that the claims are barred by the statute of limitations as to all or some of the members of the Class. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

---

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

---

38.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims, neither Lead Plaintiff nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

## HOW MUCH WILL MY PAYMENT BE?

---

### I.   THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

39.     Merrill Lynch has agreed to pay Three Hundred Fifteen Million Dollars ($315,000,000) in cash into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

40.     The $315 million settlement amount, and the interest earned thereon, shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), shall be distributed based on the acceptable Claim Forms submitted by members of the Settlement Class ("Authorized Claimants"). The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

41.     Your share of the Net Settlement Fund will depend on the aggregate number of Merrill Lynch mortgage pass-through certificates (represented by valid and acceptable Claim Forms) that members of the Settlement Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many mortgage pass-through certificates you purchased; whether you held or sold those certificates; the date on which you sold

those certificates; and the price at which you sold them. At this time, it is not possible to determine how much individual Class Members may receive from the Settlement.

42.     A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Settlement Class will be made.

43.     To determine the amount that an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a valuation consultant. The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims based on material misrepresentations in Merrill Lynch registration statements. For each Authorized Claimant, a "Recognized Claim" will be calculated. The calculation of a "Recognized Claim," as defined in paragraph 54 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial. Nor is the calculation of a Recognized Claim pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Claims. The Recognized Claim formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim.

## II. CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

44.     A "Recognized Loss or Gain Amount" will be calculated for each Certificate purchased or acquired for which adequate documentation is provided (each an "Eligible Certificate"). The calculation of the Recognized Loss or Gain Amount will depend on several considerations, including: (i) when the Certificate was purchased or acquired; (ii) whether it was sold, and if so, when it was sold and for how much; and (iii) the value of the Certificate on its applicable "Date of First Suit" (as stated in Table A).[4]

45.     The "Recognized Loss or Gain Amount" will be calculated solely on the outstanding "Face Value" (*i.e.,* the principal amount) for each Certificate at the time of sale, or if not sold, the applicable Date of First Suit (*i.e.,* Authorized Claimants will not be allocated damages related to principal and interest payments they received). In each calculation of the Recognized Loss or Gain Amount, the Face Value Sold will be limited to 100% of the Face Value Purchased.

46.     The percentage of the original aggregate principal balance that remains to be distributed in a mortgage-backed security is known as the "Factor." A Certificate's Factor is calculated as follows:

$$\text{Factor} = \frac{\text{outstanding aggregate principal balance}}{\text{original aggregate principal balance}}$$

The Factor for each Certificate on the applicable Date of First Suit is stated in Table A.

47.     For each calculation of the Recognized Loss or Gain Amount, the purchase price used for the calculation may not exceed the price at which the Eligible Certificate was offered to the public. Thus, if the actual purchase price exceeds the price at which the Eligible Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price   If the sales price or value at applicable Date of First Suit exceeds the purchase price, then the calculation will result in a Recognized Gain Amount for that Certificate. If you have a net Recognized Gain Amount for a Certificate, you will not receive a recovery in this Settlement for that Certificate.

---

[4] As indicated in Table A, complaints concerning certain of the Offerings were filed on December 5, 2008, February 17, 2009, and March 27, 2009.

48.   **Certificates Sold Prior To Date Of First Suit:**  For each Eligible Certificate sold prior to its applicable Date of First Suit, the Recognized Loss Amount or Gain Amount is calculated as follows:

$$\text{Current Face Value sold} \times \left( \frac{\text{purchase price} - \text{sales price}}{100} \right)$$

**Example 1:**  Investor A purchased $100,000.00 Face Value of Certificate 590217AA3 (MLMI 2006-RM3 A1A) on June 26, 2006.  The purchase price was 100.00.  On June 26, 2007 (prior to the applicable Date of First Suit), Investor A sold $90,000.00 Face Value of Certificate 590217AA3.  The sales price was 80.00.  Investor A's Recognized Loss or Gain Amount is calculated as follows:

$$\$90,000.00 \times \left( \frac{100.00 - 80.00}{100} \right)$$

Investor A's Recognized Loss Amount is $18,000.00.

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.*, only a portion of the Certificate was sold), a Recognized Loss or Gain Amount, if any, related to the remaining portion of the Certificate will be calculated separately.

49.   **Certificates Sold On Or After Date Of First Suit:**  For each Eligible Certificate sold on or after its applicable Date of First Suit, the Recognized Loss Amount or Gain Amount is calculated as follows:

$$\text{Current Face Value sold} \times \left( \frac{\text{purchase price} - \text{sales price}}{100} \right)$$

For Certificates sold on or after the applicable Date of First Suit, the sales price used to calculate the Recognized Loss Amount or Gain Amount shall be the *greater* of: (i) the Eligible Certificate's value on the applicable Date of First Suit (as reflected in Table A); or (ii) the sales price of the Eligible Certificate.

**Example 2:**  Investor B purchased $100,000.00 Face Value of Certificate 59020U4L6 (MLMI 2006-WMC1 A1A) on February 10, 2006.  The purchase price was 100.00.  On April 10, 2009 (after the applicable Date of First Suit), Investor B sold $90,000.00 Face Value of Certificate 59020U4L6.  The sales price was 65.00.  The value on the applicable Date of First Suit was 55.18, as reflected in Table A.  Investor B's Recognized Loss or Gain Amount is calculated as follows:

$$\$90,000.00 \times \left( \frac{100.00 - 65.00}{100} \right)$$

Investor B's Recognized Loss Amount is $31,500.00.

**Example 3:**  Investor C purchased $100,000.00 Face Value of Certificate 590210AA8 (MLMI 2006-AHL1 A1) on June 27, 2006.  The purchase price was 100.00.  On March 25, 2009 (after the applicable Date of First Suit), Investor C sold $90,000.00 Face Value of Certificate 590210AA8.  The sales price was 60.00.  The value on the applicable Date of First Suit was 65.27, as reflected in Table A.  Investor C's Recognized Loss or Gain Amount is calculated as follows:

$$\$90,000.00 \times \left( \frac{100.00 - 65.27}{100} \right)$$