# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO. INC., et al.,<br><br>                  Defendants. | Civil Action No. 08-cv-10841-JSR-JLC<br>ECF case<br><br>CLASS ACTIONS - CONSOLIDATED |

**DECLARATION OF GEORGE W. NEVILLE, SPECIAL ASSISTANT ATTORNEY GENERAL, LEGAL COUNSEL TO THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, IN SUPPORT OF (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (C) LEAD PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES**

I, GEORGE W. NEVILLE, Special Assistant Attorney General in the Office of the Attorney General of the State of Mississippi, legal counsel to the Public Employees' Retirement System of Mississippi ("MissPERS"), the Court-appointed Lead Plaintiff in this securities class action (the "Action"), hereby declare under penalty of perjury as follows:

      1.    I am a Special Assistant Attorney General in the Office of the Attorney General of the State of Mississippi ("OAG"). The OAG serves as legal counsel for MissPERS. In this regard, the OAG is responsible for, among other things, providing legal advice and representation to MissPERS on all securities and corporate governance litigation, including managing MissPERS' relationship with outside counsel. I submit this declaration in support of (a) Lead Plaintiff's motion for final approval of the

proposed Settlement and approval of the proposed Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) approval of the request for MissPERS to recover for the reasonable costs and expenses incurred in the prosecution of this litigation.

2. I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action as set forth in the Private Securities Litigation Reform Act of 1995. I have personal knowledge of the matters set forth in this Declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action as well as the negotiations leading to the Settlement, and I could and would testify competently thereto.

3. MissPERS is a governmental defined-benefit pension plan qualified under Section 401(a) of the Internal Revenue Code for the benefit of current and retired employees of the State of Mississippi. MissPERS is responsible for the retirement income of employees of the State, including current and retired employees of the state, public school districts, municipalities, counties, community colleges, state universities and other public entities, such as libraries and water districts. As of June 30, 2011, MissPERS' defined benefit plans served a total of 162,392 members and 86,022 retirees and beneficiaries and MissPERS had $20.8 billion in net assets under management.

4. On behalf of MissPERS, I had regular communications with Bernstein Litowitz Berger & Grossmann LLP ("BLB&G" or "Lead Counsel"), the Court-appointed Lead Counsel for the Class, throughout the litigation. MissPERS, through my active and continuous involvement, as well as others as detailed below, closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution of the Action. MissPERS received periodic status reports from Lead Counsel on case developments, and participated in regular discussions with attorneys from Lead Counsel

concerning the prosecution of the Action, the strengths of and risks to the claims and potential settlement. In particular, throughout the course of this Action, I:

(a) participated in discussions with Lead Counsel concerning significant developments in the litigation, including case strategy;

(b) reviewed and commented on all significant pleadings and briefs filed in the Action;

(c) consulted with Lead Counsel regarding the retention of experts and consultants;

(d) supervised the production of discovery by MissPERS, including document productions and responses to written document requests and interrogatories;

(e) prepared for and testified at the hearing for appointment of Lead Plaintiff;

(f) prepared for and sat for a deposition in connection with Lead Plaintiff's class certification motion;

(g) consulted with Lead Counsel concerning the settlement negotiations as they progressed; and

(h) evaluated, approved and recommended to the Attorney General approval of the proposed settlement for $315,000,000 in cash.

5. MissPERS was involved in overseeing the formal mediation and lengthy negotiations in this action, which led to the settlement. In particular, I traveled to and actively participated in the mediation presided over by former United States District Judge Layn R. Phillips in New York on October 13-14, 2011. Prior to and during the mediation, I conferred with Lead Counsel at length regarding the parties' respective positions.

6. Based on its involvement throughout the prosecution and resolution of the claims, MissPERS strongly endorses the Settlement and believes it provides an excellent

3

recovery for the Class, particularly in light of the substantial risks of continuing to prosecute the claims in the Action.

7.  MissPERS believes that Lead Counsel's request for an award of attorneys' fees in the amount of 17% of the Settlement Fund is fair and reasonable in light of the work Lead Counsel and additional plaintiffs' counsel performed on behalf of the Class. MissPERS takes seriously its role as lead plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Class and reasonably compensate plaintiffs' counsel for the work involved and the substantial risks they undertook in litigating the Action. MissPERS has evaluated Lead Counsel's fee request by considering the work performed and by considering the substantial recovery obtained for the Class.

8.  MissPERS further believes that the litigation expenses being requested for reimbursement to Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with its obligation to the Class to obtain the best result at the most efficient cost, MissPERS fully supports Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

9.  MissPERS understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under Section 27(a)(4) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(4). For this reason, in connection with Lead Counsel's request for reimbursement of litigation expenses, MissPERS seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in the Action.

10. My primary responsibility at the OAG involves work on outside litigation that generates income for the OAG. In addition, I was assisted by Geoffrey Morgan, Deputy Attorney General for the State of Mississippi and Chief of Staff to the Attorney

4

General of Mississippi, who reviewed legal developments and case strategy in the Action. Furthermore, Lorrie S. Tingle, the Chief Investment Officer for MissPERS, assisted by responding to discovery, including producing documents in response to document requests, and sitting for a deposition in connection with Lead Plaintiff's class certification motion.

11.  The time that Mr. Morgan, Ms. Tingle and I devoted to the representation of the Class in this Action was time that we otherwise would have expected to spend on billable work for the State of Mississippi and, thus, represented a cost to the OAG and MissPERS. MissPERS, on behalf of itself and the OAG, seeks reimbursement in the amount of $30,380 for: (a) the time I devoted to supervising and participating in this Action in the amount of $25,080 (132 hours at $190 per hour, which is the rate at which the OAG is compensated for my time in other litigation); (b) the time Mr. Morgan devoted to this Action in the amount of $2,000 (10 hours at $200 per hour, which is the rate at which the OAG is compensated for Mr. Morgan's time in other litigation); and (c) the time Ms. Tingle devoted to this Action in the amount of $3,300 (30 hours at $110 per hour, which is the rate at which MissPERS has been compensated for Ms. Tingle's time in other litigation). The total hours spent by MissPERS personnel, and the specific tasks performed for the benefit of the Class, are set forth in the table below:

| Tasks | Amount of Hours |
|---|---|
| Communications with Lead Counsel | 42 |
| Review, analysis and editing of pleadings | 40 |
| Preparation for, and testimony at, lead plaintiff hearing | 20 |
| Preparation for, and attendance at, deposition | 30 |

5

| Review and gathering of documents in response to discovery | 15 |
| --- | --- |
| Preparation for, and attendance at, mediation | 25 |
| Total Hours | 172 |

12. In conclusion, the Lead Plaintiff was closely involved throughout the prosecution and settlement of the claims in this Action, strongly endorses the Settlement as fair, reasonable and adequate, and believes that it represents a significant recovery for the Class. Accordingly, MissPERS respectfully requests that the Court approve Lead Plaintiff's motion for final approval of the proposed Settlement, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and MissPERS' request for reimbursement for its reasonable costs and expenses incurred in prosecuting the Action on behalf of the Class, as set forth above.

I declare under penalty of perjury under the laws of the United States of America that that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of MissPERS. Executed this ___ day of February 2012,

GEORGE W. NEVILLE
Special Assistant Attorney General
*Legal Counsel to the Mississippi Public Employees' Retirement System*

6