**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>  v.<br><br>MERRILL LYNCH & CO. INC., et al.,<br><br>              Defendants. | Civil Action No. 08-cv-10841-JSR-JLC<br>ECF case<br><br>CLASS ACTIONS - CONSOLIDATED<br><br> |

## ORDER AND FINAL JUDGMENT

This matter came for hearing on March 21, 2012 (the "Settlement Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff the Public Employees' Retirement System of Mississippi on behalf of the Settlement Class against defendants Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Matthew Whalen, Paul Park, Brian T. Sullivan, Michael M. McGovern, Donald J. Puglisi and Donald C. Han (collectively the "Settling Defendants") in the above-captioned Action, and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Settling Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Class Members' Released Claims as against all Released Parties.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Order and Final Judgment.

2

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

6.      The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

7.      The Complaint is hereby dismissed on the merits with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Stipulation.

8.      Upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

9.      Upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other

3

forum of any kind, asserting against any of the Released Parties, and each of them, any of the Settlement Class Members' Released Claims.

10.     Upon the Effective Date of the Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against all Plaintiffs in the Action and their respective attorneys, and any other Settlement Class Member.

11.     Upon the Effective Date of the Settlement, all claims for contribution, indemnification, or any other form of relief by other alleged joint tortfeasors against the Released Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class or any Settlement Class Member, shall be barred, extinguished, discharged, satisfied and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims is enjoined.

12.     The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against Defendants, other Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

4

(b)      shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

(c)      shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) the

allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

14.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses as allowed by the Court.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

15.     A separate order shall be entered regarding the proposed Plan of Allocation.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of the Action and the parties to the Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before October 20, 2011; and (c) the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

17.    Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:      New York, New York
            _____5/7_____, 2012


                                    _____
                                    HONORABLE JED S. RAKOFF
                                    UNITED STATES DISTRICT JUDGE

7

## Exhibit 1

## Persons and Entities Excluded from the Settlement Class Pursuant to Requests for Exclusion

| | |
|---|---|
| 1 | The Baupost Group, LLC |
| 2 | FDIC as Receiver Advanta Bank Corp. |
| 3 | FDIC as Receiver Citizens National Bank |
| 4 | FDIC as Receiver Strategic Capital Bank |
| 5 | Federal Home Loan Bank of Atlanta |
| 6 | IKB International S.A. |
| 7 | Manichaean Capital, LLC |
| 8 | National Credit Union Administration, Liquidating Agent for U.S. Central Federal Credit Union |
| 9 | Nick J. Polydoros & Pamela Polydoros |
| 10 | Prudential Investment Management Inc. |

8