Rakoff, J

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO. INC., et al.,<br><br>Defendants. | Civil Action No. 08-cv-10841-JSR-JLC<br>ECF case<br><br><u>CLASS ACTIONS - CONSOLIDATED</u> |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff") moved this Court for an order approving the distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Jennifer M. Keough in Support of Motion for Approval of Distribution Plan (the "Keough Declaration") and Lead Plaintiff's Memorandum in Support of Motion for Approval of Distribution Plan ("Distribution Motion");

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 5, 2011 (the "Stipulation," ECF No. 174-1), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Keough Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

   a. GCG shall calculate award amounts to all Authorized Claimants as if the entire Net Settlement Fund was to be distributed now by calculating their *pro rata* share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

   b. GCG shall, pursuant to the terms of the Court-approved Plan of Allocation, eliminate from the distribution list any Authorized Claimant whose Distribution Amount calculates to less than $10.00. Such Claimants shall not receive any distribution from the Net Settlement Fund.

   c. After eliminating Claimants who would have received less than $10.00 from the distribution list, GCG shall recalculate the distribution amounts for

1

Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in subparagraph b. above.

d. GCG shall then conduct an Initial Distribution of the Net Settlement Fund as follows:

   i. With respect to Authorized Claimants whose distribution amount calculates to less than $100.00 pursuant to subparagraph c. above, GCG shall distribute to such Claimants their full distribution amount ("Claims Paid in Full"). These Claimants shall get no additional funds in subsequent distributions.

   ii. With respect to Authorized Claimants whose distribution amount calculates to $100.00 or more pursuant to subparagraph c. above, GCG shall distribute to such Claimants 90% of their distribution amounts. The remaining 10% of their payments shall be held in reserve (the "Reserve") to address any of the Claims-in-Process that ultimately are determined to be eligible to participate in the Settlement, and for any other contingencies that may arise. To the extent the Reserve is not depleted, the remainder shall be distributed in subsequent distributions.

e. Any distribution to Claims-in-Process, to the extent they ultimately are determined to be eligible to participate in the Settlement, shall await what is defined below as the "Claims-in-Process Distribution."

f. In order to encourage Authorized Claimants to promptly cash their Distribution checks, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear a notation "CASH

2

PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."

g. Authorized Claimants who do not cash their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks shall be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

h. The filers of the Claims-in-Process have 60 days from the entry of this Distribution Order to resolve the outstanding issues with their claims. If the additional information and documentation requested is not supplied within that time frame, all claims submitted by those filers shall be recommended for rejection in the entirety. If the filer submits information and documentation within that time frame that satisfies the audit issues raised, all otherwise eligible claims submitted by the filer shall be recommended for payment in accordance with the terms of the Settlement.

i. After the expiration of the 60-day deadline for resolution of the Claims-in-Process, Lead Counsel shall move the Court for approval of GCG's determinations with respect to those claims; and if an order approving claims for payment is entered, GCG shall make a distribution to those Claimants that will bring them into parity with the Claimants approved for payment pursuant to Lead Plaintiff's Distribution Motion (the "Claims-in-Process Distribution"). Specifically, GCG shall:

    i. apply the pro ration factors used in conjunction with the calculations set forth in subparagraph a. above to determine which Claimants do not meet the $10.00 minimum payment threshold;

    ii. apply the pro ration factors used in conjunction with subparagraph d. above to determine which of these Authorized Claimants' distribution amount is less than $100.00, and they shall be sent their full distribution amount and become "Claims Paid in Full." These Claimants shall get no additional funds in subsequent distributions.

    iii. with respect to Authorized Claimants whose distribution amount calculates to $100.00 or more pursuant to subparagraph d. above, GCG shall distribute to such Claimants 90% of their Distribution Amounts. Such distribution checks shall bear the notation that they become void if not cashed by 90 days after issue date and Claimants who do not cash their Claims-in-Process Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks shall be available in the re-distribution to other Authorized Claimants.

j. GCG shall conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Fund, after the Initial Distribution and the Claims-in-Process Distribution (including the Reserve and the funds for all void stale-dated or returned checks), after deducting GCG's reasonable fees incurred in

connection with the Claims-in-Process Distribution and expected to be incurred in connection with the Second Distribution and the expenses incurred in connection with administering the Settlement for which GCG has not yet been paid, and after the payment of any estimated escrow fees and taxes and the costs of preparing appropriate tax returns, shall be distributed to all Authorized Claimants from the Initial Distribution and the Claims-in-Process Distribution who (1) were not Claims Paid in Full, (2) cashed their distribution payment, and (3) are entitled to at least $10.00 from the redistribution based on their *pro rata* share of the remaining fund.

k.  In order to allow a final distribution of any remaining funds in the Net Settlement Fund after completion of the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise:

   i.  If cost effective, not less than six months after the Second Distribution is conducted, GCG shall conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after payment of any unpaid expenses or fees incurred or to be incurred in connection with administering the subsequent distributions from the Net Settlement Fund, and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns, shall be distributed to Authorized Claimants who cashed their Second Distribution checks and who would receive at least $10.00 in such further distribution, with additional redistributions thereafter to be conducted on the same terms

        in six-month intervals until GCG and Lead Counsel determine that further redistribution is not cost-effective; and

    ii. At such time as GCG and Lead Counsel determine that further redistribution is not cost-effective, Lead Counsel shall seek direction from the Court with respect to the disposition of the balance of the Net Settlement Fund, after payment of any unpaid expenses or fees incurred in connection with administering the Net Settlement Fund and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns.

l. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

m. No Proof of Claim received after September 3, 2012, may be accepted for payment, and no further adjustments to Proofs of Claim received, except for the Claims-In-Process, may be made after September 3, 2012.

    n. Unless otherwise ordered by the Court, one year after the Claims-in-Process Distribution, GCG may destroy the paper copies of the Proofs of Claim and all supporting documentation, and three years after the final distribution, GCG may destroy electronic copies of the same.

    o. The fees and expenses due to GCG in connection with its administration of the Settlement and to be incurred in connection with the Initial Distribution are approved; accordingly, Lead Counsel shall direct payment of $326,650.36 out of the Settlement Fund to GCG for such fees and expenses.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Dated:    New York, New York
                   7/7/____, 2012

                                              HONORABLE JED S. RAKOFF
                                              UNITED STATES DISTRICT JUDGE